# Case No. 18,253.

## CHARGE TO GRAND JURY.

### [1 Newb. 323.]

District Court, E. D. Louisiana. Nov., 1846.

SHIPPING—PUBLIC REGULATIONS—NEGLIGENCE IN RESPECT TO STEAM VESSELS.

[The twelfth section of the act of 1838 (5 Stat. 304), which declares that every captain, engineer, pilot, or other person employed on board of any steam vessel, by whose misconduct, negligence, or inattention to duty the lives of any persons on board may be destroyed, shall be deemed guilty of manslaughter, makes the negligence, etc., in question a crime, when followed by the consequences named, without regard to the question of motive or intent on the part of the persons charged.]

McCALEB, District Judge (charging grand jury). I deem it my duty to call your serious attention to the provisions of the act of congress of 1838, relating to "the better security of lives of passengers on board of vessels propelled in whole or in part by steam." To give you a clear understanding of your duty under that act of congress it will be necessary for me to notice briefly its requirements, and to direct your attention particularly to the offences which come within the criminal jurisdiction of this court, and towards which, therefore, your inquiries are to be solemnly directed. The first section of the act requiring a new enrollment and license, it is not necessary at this time to consider. The second section declares that it shall not be lawful for the owner, master or captain of any steamboat or vessel propelled in whole or in part by steam, to transport any merchandise or passengers upon the navigable waters of the United States, after the 1st of October, 1838, without having first obtained from the proper officer, a license under the existing laws, and without having complied with the conditions imposed by this act; and for every violation of this section, the owner of the vessel shall forfeit and pay to the United States the sum of five hundred dollars, one-half for the use of the informer; and for this sum the steamboat or vessel so engaged shall be liable, and may be seized and proceeded against summarily, by way of libel, in any district court of the United States having jurisdiction of the offence. The third section of this act makes it the duty of the district judge of the United States, within whose district any ports of entry or delivery may be on the navigable waters, bays, lakes and rivers of the United States, upon the application of the master or owner of any steamboat or vessel propelled in whole or in part by steam, to appoint from time to time, one or more persons skilled and competent to make inspections of such boats and vessels, and of the boilers and machinery employed in the same, who shall not be interested in the manufacture of steam engines, steamboat boilers or other machinery belonging to steam vessels, whose duty it shall be to make such inspection when called upon for that purpose, and to give to the owner or master of such boat or vessel duplicate certificates of such inspection; such persons before entering upon the duties enjoined by this act, are to take an oath well, faithfully and impartially to execute and perform the services herein required of them. The fourth section provides that the person or persons called upon to inspect the hull of a steamboat under the provisions of this act, shall after a thorough examination, give to the owner or master, a certificate in which shall be stated the age of the boat, when and where originally built, and the length of time the same had been running. The inspectors must also state whether in their opinion the boat is sound, and in all respects seaworthy, and fit to be used for the transportation of freight or passengers. The fifth section requires the inspectors to state in the certificate, after a thorough examination of the boilers and machinery, whether the same be sound and fit for use, and also the age of the boilers. Duplicates of these certificates are to be granted, one of which is to be posted up in some conspicuous part of the boat for the information of the public. The sixth section makes it the duty of the owners and masters of steamboats to cause the inspection provided under the fourth section, that is to say the inspection of the hulls of steamboats, to be made at least once in every twelve months; and the examination required by the fifth section, that is to say the examination of the boilers and the machinery, to be made at least once in every six months. And they are to deliver to the collector or surveyor of the port where their boats have been enrolled or licensed, the certificate of such inspection; and on failure thereof they are to forfeit the licenses and be subject to the same penalty as though they had run their boat without a license, to be recovered in like manner. And it is moreover the duty of owners and masters of steamboats licensed in pursuance of this act, to employ on board their respective boats a competent number of experienced and skillful engineers, and in case of neglect to do so they shall be held responsible for all damages to the property of any passenger of any boat, occasioned by an explosion of the boiler or any derangement of the engine or machinery of any boat. The seventh section declares that whenever the master of any steamboat, or person charged with navigating said boat, shall stop the motion or headway of said boat, or when she shall be stopped for the purpose of discharging or taking in cargo, fuel or passengers, he shall open the safety valve, so as to keep the steam down in the boiler as near as practicable to what it is when the boat is under headway, under the penalty of two hundred dollars for each and every offence. I pass over the eighth and ninth sections, which relate more immediately to the navigation of the northern lakes or the high seas. The tenth section makes it the duty of the master and owner of every steamboat running between sunset and sunrise, to carry one or more signal lights, that may be seen by other boats navigating the same waters, under the penalty of two hundred dollars. The eleventh section provides that the penalties imposed by this act, may be recovered in the name of the United States, in the district or circuit court of such district or circuit where the offence shall have been committed, or in which the owner or master of said vessel may reside, one-half to the use of the informer, and the other to the use of the United States; or the said penalties may be prosecuted for by indictment in either of the said courts. This last clause in the section, then, shows plainly the duty that devolves upon you as the grand inquest of this district. You are diligently to inquire and true presentment make of all such captains or owners of steamboats who may be found acting in defiance of the requirements of the law.

But it is to the twelfth section of this act that I desire to direct your most serious and solemn attention on the present occasion. It provides that every captain, engineer, pilot or other person employed on board of any steamboat or vessel propelled in whole or in part by steam, by

whose misconduct, negligence or inattention to his or their respective duties, the life or lives of any person or persons on board said vessel may be destroyed, shall be deemed guilty of manslaughter, and, upon conviction thereof before any circuit court in the United States, shall be sentenced to confinement at hard labor for a period of not more than ten years. The frequent loss of human life in consequence of explosions of the boilers of steamboats, of collisions and the burning of steamboats on our western waters, and especially on the Mississippi river, imposes upon you the solemn duty of diligently inquiring into every case that may be brought before you or that may come under your cognizance. The strong arm of the law must be interposed to put an end if possible to these terrible disasters. The frightful loss of life and property annually sustained by our community from such causes, demands the utmost vigilance on the part of all who have any agency in the administration of criminal justice before this tribunal. The legislation of congress calls for prompt and energetic action. That legislation is wise and salutary. You have seen from the details through which we have gone, the solicitude exhibited by congress to prescribe every rule and regulation that was best calculated to insure security to life and property. This legislation was dictated by humanity, and it is to be hoped that no mawkish sensibility, no false notions of clemency may be interposed to screen those who may be shown to have been guilty of a violation of the law. There is a disposition in the public mind to take any representation having the semblance of plausibility as sufficient to exculpate an offender. There is a disposition to inquire whether wicked motives may have prompted the commission of the act, and in the absence of all supposed malice to conclude that there can be no guilt. The law, however, looks to the consequences of the act, and is utterly regardless of the purpose that may have prompted its commission. I wish you, gentlemen, to bear in mind that the twelfth section of the act of congress has nothing to do with the motives. It was designed to punish the captains, engineers and pilots of steamboats for their negligence or inattention. Whether there be malice or not, is a question which cannot be a subject of inquiry under the law. We may admit what doubtless generally is the fact, that when a boiler explodes or a collision takes place, there was no malice on the part of the officer of the boat, through whose negligence or inattention it occurred; still, if there be evidence to show that negligence or inattention, the officer is guilty in the eye of the law. We are not driven to the English common law to find out what constitutes manslaughter. The statute itself contains the definition of the crime, and it is unnecessary to look beyond it. That statute virtually says to the officers of steamboats who assume the solemn responsibility of transporting persons and property from one port to another: You shall attend strictly to the duty which you have, for a valuable consideration, assumed to perform. You shall observe abundant caution; you shall take all proper care that no disaster occurs which may result in the loss of life. It imposes upon the owners of steamboats the duty of employing intelligent and prudent captains. It imposes upon captains the duty of employing skillful, sober, prudent and attentive pilots and engineers. There is too much reason to believe that there has hitherto been a shameful remissness on the part of both owners and captains generally, in the performance of this duty; and those who from parsimonious motives have failed in their duty to the public, should be promptly made to feel the consequences of their criminal cupidity and their indifference to the rights of others. The only manner pointed out by the law by which owners can be made to suffer is by civil action for damages, as set forth in the last section of the act.

Gentlemen of the grand jury, it is in vain that the prosecuting officer of the government discharges his duty if you be not fully alive to the responsibility imposed upon you. Vigilance on your part will create a corresponding vigilance on the part of those against whose negligence and inattention the penalties of the law have been denounced. Let us hope that a salutary influence will be exerted by prompt and energetic action. Let us hope that the time will speedily come when there will be in the navigation of the Mississippi and her tributaries the same security to life and property which is enjoyed in other parts of the world. Let us hope that the time may soon come when we shall cease to have occasion to regard the stupendous invention of our great countryman Fulton, which has created such important revolutions in the commerce of the world, in any other light than as a blessing to mankind. To bring about this happy realization of our hopes, the officers of the law must be vigilant, the courts must be firm, the juries must do their duty firmly, fearlessly, regardless of all consequences. In a word, the wise, humane and salutary enactments of congress must be respected and enforced without fear or favor.